# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GLEN MARK GILLIAM,**
**Claimant Below, Petitioner**

**FILED**
April 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-1024**  (BOR Appeal No. 2047084)
(Claim No.  2011020125)

**STATE ELECTRIC SUPPLY COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Glen Mark Gilliam, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. State Electric Supply Company, by Michael N. Watson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 31, 2012, in which the Board affirmed a March 9, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 4, 2011, decision denying Mr. Gilliam's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gilliam is employed as a truck driver for State Electric Supply Company. On October 24, 2010, he submitted an Injury and Illness Incident Report which stated that his hemorrhoids were caused by years of driving/sitting, tugging, and lifting that he performs in his employment duties. The claims administrator denied Mr. Gilliam's application for workers' compensation benefits.

The Office of Judges affirmed the claims administrator's decision and held that Mr. Gilliam's hemorrhoid condition is not compensable. Mr. Gilliam disagrees and asserts that his

1

condition is work-related and that he is entitled to a finding of compensability. State Electric Supply Company maintains that Mr. Gilliam failed to establish that his medical condition was causally related to his employment.

The Office of Judges found that Mr. Gilliam's evidence was not persuasive in demonstrating that his hemorrhoid condition is related to his employment. The Office of Judges noted that David L. Patrick, M.D., merely wrote a few sentences on a prescription pad that stated Mr. Gilliam's condition was related to his employment. David Blumberg, M.D. performed an independent medical exam on May 23, 2011, and opined that Mr. Gilliam's claim that his hemorrhoids are job related is unfounded. Dr. Blumberg opined that while straining with bowel movements may cause hemorrhoids there is no substantiated association between either prolonged sitting or heavy lifting and the development of hemorrhoids. Dr. Blumberg stated that Mr. Gilliam was at high risk for development of hemorrhoids because of his multiple risk factors including a twenty year history of diarrhea, obesity, and older age. Dr. Blumberg opined that Mr. Gilliam's low fiber diet and daily use of aspirin further predispose him to hemorrhoidal bleeding. The Office of Judges found the detailed report from Dr. Blumberg to be persuasive and held that Mr. Gilliam's hemorrhoid condition was not compensable. The Board of Review reached the same reasoned conclusions in its decision of July 31, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED: April 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II